IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA WILLIAMS SHELTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: CV-06-719-WKW |
| ALL STATE FREIGHTWAYS, INC., | ) ) ) ) |
| Defendant. | ) ) |

## ANSWER OF ALL STATE FREIGHTWAYS, INC.

Comes now defendant All State Freightways, Inc. ("All State") and in answer to the complaint in the above styled action states as follows:

### RESPONSE TO FACTUAL ALLEGATIONS

1. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. This defendant admits that it is a Wisconsin corporation with its principal place of business in Brookfield, Wisconsin, but denies the remaining allegations of this paragraph and demands strict proof thereof.

3. This defendant admits that James Ray Dunn is employed by this defendant as a driver at the time of the incident made the basis of this action but denies the remaining allegations of this paragraph and demands strict proof thereof.

4. The defendant denies the allegations of this paragraph and demands strict proof thereof.

5. The defendant denies the allegations of this paragraph and demands strict proof thereof.

6. The defendant denies the allegations of this paragraph and demands strict proof thereof.

7. The defendant denies the allegations of this paragraph and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The defendant pleads that the complaint fails to state a claim against this defendant upon which relief can be granted.

### SECOND DEFENSE

The defendant pleads the general issue, denies the material allegations of the Complaint not herein specifically admitted, and demands strict proof thereof.

### THIRD DEFENSE

This defendant avers that the alleged injuries and damages of the plaintiff were caused or contributed to by the negligence, fault, or want of care of the plaintiff.

## FOURTH DEFENSE

This defendant avers that the alleged injuries and damages of the plaintiff were caused by an efficient intervening cause which would insulate this defendant from liability.

## FIFTH DEFENSE

This defendant contests the damages and demands strict proof thereof.

## SIXTH DEFENSE

This defendant pleads that it is entitled to the benefits of and protection of Sections 6-11-20 through 6-11-30, Code of Alabama 1975 as amended.

## SEVENTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

1. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

2. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

3.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

4.   The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## NINTH DEFENSE

This defendant pleads that the law of the State of Alabama, by allowing the jury to assess punitive damages without establishing guidelines and/or standards for the exercise of the jury's discretion, allows the jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and, therefore, violates the constitutional principle of separation of powers with respect to the Constitution of the United States of America and the Constitution of the State of Alabama, Article III, Sections 42 and 43.

## TENTH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the defendant is entitled to the same procedural safeguards afforded in criminal cases.

## ELEVENTH DEFENSE

This defendant pleads that it is violative of the rights guaranteed by the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on the plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## TWELFTH DEFENSE

The claims for punitive damages violates Article I, Section 35 of the Alabama Constitution which grants the legislature the power to determine the extent of punishment applicable to a particular wrong or class of wrong.

## THIRTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

## FOURTEENTH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this cause will be violative of the Eighth Amendment to the Constitution of the United States in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## FIFTEENTH DEFENSE

The process by which Alabama courts allow juries to award punitive damages violates the elementary notions of fairness dictated by United States Constitutional law in that it does not provide the defendants with fair notice of what conduct will subject the defendants to punishment nor the severity of the penalty that the state may impose; therefore, the defendants are deprived of their property without due process of law in contravention of the rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America.

## FIFTEENTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama deprives these defendants of their property without due process of law in contravention of the rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that the procedure does not insure that the punitive damages awarded are reasonably related to the degree of reprehensibility of the defendants' conduct.

## SIXTEENTH DEFENSE

The procedure by which the courts of Alabama award punitive damages against defendants violates the due process rights afforded to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that such procedure allows a significant award of punitive damages when only a modest degree of culpability may be present.

## SEVENTEENTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama violates the due process rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that it does not accord substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue.

## EIGHTEENTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama violates the due process rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that it does not take into consideration the ratio between the punitive damages awarded and the compensatory damages awarded.

## NINETEENTH DEFENSE

The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violate the due process rights secured to the defendant by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive the defendant of its property without due process of law by failing to provide the jury with adequate standards or guidelines by which to render such an award.

## TWENTIETH DEFENSE

The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violate the due process rights secured to the defendant by the

United States Constitution and the Constitution of the State of Alabama in that these procedures deprive the defendant of its property without due process of law by allowing the jury unbridled discretion to determine the amount of the award and thereby rendering such an award in an arbitrary and capricious manner.

## TWENTY-FIRST DEFENSE

The procedures by which damages for mental anguish are awarded by juries in the State of Alabama violate constitutional rights secured to the defendant under the United States Constitution and the Constitution of the State of Alabama by depriving the defendant of its property without due process of law because no reasonable standard or guideline is given to the jury to insure that the award is reasonable and further there is no meaningful standard for judicial review or judicial review of the award post verdict to insure that the award does not exceed constitutional limitations.

## TWENTY-SECOND DEFENSE

The procedures by which damages for mental anguish are awarded by juries in Alabama violate constitutional rights secured to the defendant by the United States Constitution and the Constitution of the State of Alabama by depriving the defendant of its property without due process of law in that no reasonable criteria, guideline, or standard is provided to the jury in order that the jury may determine from the evidence what quality or quantity of evidence is necessary to justify an award of damages for mental anguish.

## TWENTY-THIRD DEFENSE

The procedure by which damages for mental anguish are awarded by Alabama juries deprives this defendant of constitutional rights secured to it by the Constitution of the United States of America and the State of Alabama in that the same deprives this defendant of its property without due process of law by not providing an objective standard by which the jury may measure an award or an objective standard by which the judge may review the jury's award to determine if it is reasonable, just, and proper.

## TWENTY-FOURTH DEFENSE

The procedure by which damages for mental anguish are awarded by Alabama juries deprives this defendant of constitutional rights secured to it by the Constitution of the United States of America and the State of Alabama in that the same deprives this defendant of its property without due process of law by allowing juries to return awards of compensatory damages for mental anguish which are speculative, based on conjecture, and without substantial evidence to support the same.

Respectfully submitted,

_____
STEVEN K. HERNDON - HER028
Attorney for Defendant
All State Freightways, Inc.

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103
Telephone: (334) 834-9950
FAX: (334) 834-1054
steve@ghhclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 5th day of September, 2006:

*Attorney for Plaintiff:*
Michael S. Harper
P.O. Box 780608
213 Barnett Blvd.
Tallassee, AL 36078
Telephone: (334) 283-6855
Facsimile: (334) 283-6858
mikeharper@elmore.rr.com

_____
Counsel