IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA WILLIAMS SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: CV-06-719-WKW |
| ) | |
| ALL STATE FREIGHTWAYS, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR LEAVE
FOR RULE 26 SUPPLEMENTATION**

Comes now the defendant Allstate Freightways, Inc. and hereby moves this Honorable Court for leave to supplement its Rule 26 expert disclosure and in support thereof states as follows:

1. On October 6, 2006, this Court entered a Uniform Scheduling Order to govern this case which provided a plaintiff expert disclosure deadline of July 31, 2007, and a defendant's expert disclosure deadline of August 30, 2007. The plaintiff made no disclosure and appears to be relying upon the plaintiff's treating physicians.

2. On August 29, 2007, the defendant filed its Rule 26 disclosure which only names one retained expert who is vocational consultant Jane Logan. Ms. Logan is co-owner of Advantage Rehab Consulting located at 2426 Capstone Drive, Montgomery, AL 36106. Ms. Logan is expected to testify regarding Ms. Shelton's injuries and any problems regarding her employability as a result of her injuries. Ms. Logan will assess Ms. Shelton's vocational loss and future vocational potential. She is also expected to

testify regarding Ms. Shelton's wage loss, loss of access to jobs in the labor market, and her overall vocational disability.

3. Ms. Logan is not in a position to provide the written report and other information called for by this Court's Uniform Scheduling Order and/or Rule 26(a)(2) of the Federal Rules of Civil Procedure because Ms. Shelton, the plaintiff in this case, has not been released by her treating surgeon and thus has not been assigned any restrictions nor given any functional capacity evaluation.

4. The parties' August 21, 2005 joint settlement conference report (Doc. No. 14) advised that they do not have sufficient information, at this time, about the plaintiff's damage claim due to her recent surgery so as to properly evaluate the claim and conduct meaningful negotiations as to settlement. The plaintiff is only now about to reach maximum medical improvement which will allow the parties to obtain meaningful information about the extent of her alleged disability and the damages sought in this case.

5. The defendant therefore requests leave of Court to allow the defendant to supplement its Rule 26 disclosure with Ms. Logan's report and other information required by Rule 26(a)(2) after Ms. Shelton has been released by her treating surgeon, after the medical depositions have been completed, and a functional capacity evaluation has been performed.

WHEREFORE PREMISES COMPLETED, the defendant requests this Honorable Court to grant it leave to supplement its Rule 26 expert disclosure after Ms. Shelton has been released by her treating surgeon, after the medical depositions have been completed, and a functional capacity evaluation has been performed.

Respectfully submitted,

_____
Steven K. Herndon (HER028)
Attorney for Defendant

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103
Telephone: (334) 834-9950
steve@ghhclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Michael S. Harper
P.O. Box 780608
213 Barnett Blvd.
Tallassee, AL 36078
Telephone: (334) 283-6855
Facsimile: (334) 283-6858
mikeharper@elmore.rr.com

_____
Counsel

3