IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA WILLIAMS SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:06-CV- 719-WKW |
| ) | |
| ALL STATE FREIGHTWAYS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on October 29, 2007, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

    (a) For Plaintiff Linda Williams Shelton:  Michael S. Harper

    (b) For Defendant Allstate Freightways, Inc.:  Steven K. Herndon

    COUNSEL APPEARING AT PRETRIAL HEARING:

    (a) For Plaintiff Linda Williams Shelton:  Michael S. Harper

    (b) For Defendant Allstate Freightways, Inc.:  Steven K. Herndon

2. JURISDICTION AND VENUE:

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 based upon diversity of citizenship involving an amount in controversy exceeding $75,000.00 exclusive of interest and costs.  The venue is proper in the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28

U.S.C. §1391 because the motor vehicle accident giving rise to this civil action occurred on Interstate 85 in Montgomery County, Alabama.

    3.    <u>PLEADINGS</u>:  The following pleadings and amendments were allowed:

        (a)    Complaint

        (b)    Answer

    4.    <u>CONTENTIONS OF THE PARTIES</u>:

        (a)    The Plaintiff

The plaintiff Linda Williams Shelton contends that the defendant negligently and wantonly caused or allowed a motor vehicle owned by the defendant and operated by its agent, servant, or employee to collide with the plaintiff's vehicle, thereby causing the plaintiff injuries and damages.

        (b)    The Defendant

The defendant Allstate Freightways, Inc. ("Allstate Freightways") denies the material allegations of the complaint, pleads the general issue, and demands strict proof thereof.  Allstate Freightways admits that its driver James Ray Dunn was an employee of the company driving within the line and scope of his employment at the time of the February 25, 2005 accident, but denies the claims of negligently and/or wantonly causing the plaintiff's injuries and damages.  Allstate Freightways further denies that it is guilty of any wrongdoing which proximately caused any injury or damage to the plaintiff and further contests the damages which the plaintiff alleges she received in the accident,

including but not limited to her claim that she has been permanently injured and disabled. Allstate Freightways further asserts that her claims are barred by her own negligence, fault, or want of care. Allstate Freightways adopts and incorporates by reference its affirmative defenses regarding punitive damages and mental anguish.

    5.    <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

    1.    The United States District Court for the Middle District of Alabama, Northern Division has jurisdiction over this matter pursuant to Title 28 U.S.C. §1332. The parties hereto are citizens and residents of different states, and the amount of controversy herein exceeds the sum of $75,000.00, plus interest and costs

    2.    Venue is proper in the Middle District of Alabama, as the events giving rise to the cause of action set forth in Plaintiff's complaint occurred within the Middle District of Alabama.

    3.    The parties to this action are properly named, and this Court has personal jurisdiction over the parties.

    4.    The motor vehicle accident which is the subject of this lawsuit occurred on February 25, 2005 on Interstate 85 in Montgomery County, Alabama.

    5.    Plaintiff was treated by Dr. Patrick Ryan, a neurosurgeon in Montgomery County, Alabama, who performed surgery on Plaintiff's cervical spine.

    6.    The medical services provided to Plaintiff by Dr. Patrick Ryan, Dr. Melvin Russell, Community Hospital, Jackson Hospital, Tom Crain, the anesthesia services at Jackson Hospital and the radiology services at Jackson Hospital were medically necessary in the treatment of the conditions with which the Plaintiff presented, but the defendant does not stipulate that all of these conditions were caused by the accident.

    7.    The various healthcare providers who rendered treatment to Plaintiff for the conditions of which she complained charged a total of approximately $49,283.42.

    8.    Plaintiff's health insurer, Blue Cross and Blue Shield of Alabama, covered the total costs of Plaintiff's medical treatment less Plaintiff's deductibles and co-payments, by paying the sum of $17,757.27 (as of October 18, 2007) to her healthcare

providers with any charges over that amount being written off and not collectable from Plaintiff.

      9.     Pursuant to her contract of insurance, Blue Cross and Blue Shield seeks reimbursement in the sum of $17,757.27 as of October 18, 2007, which it paid to the medical providers on Plaintiff's behalf.

      10.    While not disputing that the fees charged for Plaintiff's medical treatment as outlined above are consistent with the charges made by other providers in the Montgomery County, Alabama area for similar services, Defendant reserves its argument that the appropriate measure of damages from medical bills is the amount paid by Blue Cross and Blue Shield and claimed as subrogation in this case rather than the healthcare providers' actual charges, plus Plaintiff's deductibles and co-payments.

      11.    The parties hereto reserve the right to enter into further stipulations as the case is prepared for trial.

It is ORDERED that:

1. The jury selection and trial of this cause, which is to last 2 days, is set for December 10, 2007, at 10:00 a.m., in Courtroom 2-E of the Frank M. Johnson, Jr., United States Courthouse Complex, One Church Street, Montgomery, Alabama.

2. A trial docket will be mailed to each party approximately two weeks prior to the start of the term.

3. The parties shall file any requested voir dire questions, motions in limine fully briefed, and proposed jury instructions and proposed verdict forms with legal citations thereon, on or before **November 26, 2007.**

4. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before **December 3, 2007.**

4

5.  Each party shall submit at the time of trial, for use by the court (the judge, law clerk, and courtroom deputy), **four copies** of the witness list, exhibit list, and notebook of pre-marked exhibits.

6.  Each party shall submit a sufficient number of copies of exhibits for the jury and opposing counsel.

7.  The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

8.  The defendant shall have ten days to respond to the plaintiff's expert disclosures.

9.  All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #7) entered by the court on October 6, 2006.

10. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the court.

Done this 8th day of November, 2007.

                                            /s/ W. Keith Watkins
                                       UNITED STATES DISTRICT JUDGE